United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ELIDA MARIEL ROQUE BELTRAN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-2114** |
| | § | |
| **RANDY TATE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Before the Court is Petitioner Elida Mariel Roque Beltran's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus (ECF No. 7). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.   BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen from Mexico who entered the United States without inspection between 1997 and 1999. ECF No. 1 at 3; ECF No. 7 at 2. Petitioner was taken into immigration custody following her arrest in January of 2023 on charges that were later dropped. ECF No. 1 at 3, 6; ECF No. 7 at 2. Immigration authorities then released Petitioner on her own recognizance subject to certain conditions, including regular reporting requirements with Immigrations and Customs Enforcement (ICE). ECF No. 1 at 3; ECF No. 7 at 2. Petitioner has been seeking Cancellation of Removal for Certain Non-Permanent Residents since 2025. ECF No. 1 at 3.

There is no indication in the record that Petitioner failed to comply with any condition of her release. Nonetheless, Respondents re-detained Petitioner at a routine ICE check-in appointment. ECF No. 1 at 4. She remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.    ANALYSIS

Petitioner argues that her re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address the additional reasons that Petitioner believes her continued detention is unlawful.

The Court recently addressed a highly similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## III.    RELIEF

The Court **ORDERS** as follows.

2 / 3

1.  Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to her release from custody.

3.  Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community or has violated the conditions of her release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 27, 2026,** informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 14, 2026.**

Signed at Houston, Texas, on March 24, 2026.

Keith P. Ellison
United States District Judge

3 / 3